**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: MICHAEL A. HAWKER, | ) | Case No. 06-61153-LYN |
| | ) | |
| Debtor. | ) | |
| | ) | |
| COLONIAL MART OF DANVILLE, | ) | Adv. No. 06-06100 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL A. HAWKER and MICHAEL | ) | |
| A. HAWKER, INC., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

**MEMORANDUM**

This matter comes before this Court on the Court's motion to abstain from hearing this

adversary proceeding ("Adversary Proceeding 06-06100") and to remand it to the Circuit Court for

the City of Danville for further proceedings before that Court.

*Facts*

On June 29, 2004, Colonial Mart of Danville, Inc., a Virginia Corporation ("the

Plaintiff") filed a bill of complaint[1] in the Circuit Court for the City of Danville against Michael

A. Hawker ("the Defendant"), alleging causes of action sounding in breach of contract,

misrepresentation of fact, negligent misrepresentation, fraudulent conveyance, interference with

a business opportunity, breach of warranty and conversion ("the State Court Causes of Action").

---

[1] The bill of complaint was eventually altered in form to conform with changes in the Rules of the
Supreme Court of Virginia.

1

In the complaint, the Plaintiff alleges as follows:   The Defendant and the Plaintiff

entered into a contract in 2001 by which the Defendant undertook to sell to the Plaintiff certain

equipment, signage (including a trade name), and good will.   The Defendant agreed to refrain

from competing with the Plaintiff.   The Defendant fully performed its obligation under the

agreement when it paid the Defendant $75,000.00.   The Defendant expressly warranted that he

owned, and held title to, all of the assets that he transferred to the Plaintiff.  The Defendant did

not hold title to the property at the time of the sale.   The Plaintiff operated the convenience mart

until March 7, 2004, when the lease expired.   While the Plaintiff operated the convenience mart,

the Defendant sought to convince the landlords to lease the property to him.  After the Plaintiff

vacated the premises, the Defendant began operating the convenience mart using the equipment

that he had sold to the Plaintiff.

The complaint seeks compensatory and punitive damages.  At some time after the

original bill of complaint was filed, the Plaintiff amended the pleading to include Michael A.

Hawker, Inc., as a defendant.

On July 1, 2006, the Defendant filed a chapter 13 petition with the Clerk of this Court.

On August 15, 2006, the case was converted to chapter 7.  On October 24, 2006, the Plaintiff

filed the instant notice of removal and adversary proceeding ("Adversary Complaint 06-06100")

seeking to have the State Court Claims adjudicated in this Court.   The complaint names both

Michael A. Hawker and Michael A. Hawker, Inc., ("the Corporate Defendant") as defendants in

Adversary Complaint 06-06100.

The Plaintiff also filed, concurrently, another adversary proceeding, designated by the

2

Clerk of this Court as adversary proceeding 06-06101 ("Adversary Proceeding 06-06101"), in

which the Plaintiff sought to have any claim against the Defendant (Michael A. Hawker,

individually) arising from the State Court Causes of Action declared non-dischargeable.

### *Discussion*

This court, by virtue of the reference from the United States District Court, has

jurisdiction over matters arising under title 11, or arising in title 11, or related to cases under title

11. 28 U.S.C. § 1334(b)[2].

A proceeding that arises under title 11 of the United States Code is one that is created by

title 11. 1 Collier On Bankruptcy, "Jurisdiction and Powers of Courts", ¶ 3.01[4][c], p. 3-21

(15th ed. 2006). The dispute in Adversary Proceeding 06-06100 arises under state law and would

require this Court to apply state law in order to reach a judgment. It does not arise under title 11

of the United States Code.

Matters that arise in title 11 are those that could not be the subject of a lawsuit in the

absence of the filing of a bankruptcy case.    1 Collier On Bankruptcy, "Jurisdiction and Powers

of Courts", ¶ 3.01[4][c][iv], p. 3-31 (15th ed. 2006 ). This action was filed originally in state

court and so it is not an action that arises in title 11.

The test that has found the most widespread acceptance for determining whether a

proceeding is related to a bankruptcy case is that which defines a civil proceeding as being

related to a case if "the outcome of that proceeding could conceivably have any effect on the

---

[2]       28 U.S.C. § 1334(b) provides:

    (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers
exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original
but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases
under title 11.

estate being administered in bankruptcy." 1 <u>Collier On Bankruptcy</u>, "Jurisdiction and Powers of

Courts", ¶ 3.01[4][c][ii][B], p. 3-25&26 (15th ed. 2006 ) (Quoting <u>Pacor, Inc. v. Higgins</u>, 743

F.2d 984, 994 (3rd. Cir. 1984)).  (Other citations omitted.).  This proceeding could, obviously,

have an effect on the administration of this estate.   It is a related proceeding.  This Court has

jurisdiction over this matter.

Even so, this may not be the proper venue to litigate this dispute.  A party may remove a

claim or cause of action to district court, and by reference to the bankruptcy court, if such court

has jurisdiction of such claim or cause of action under 28 U.S.C. § 1334.  The court to which

such claim or cause of action is removed may abstain from hearing such claim and may remand

it on any equitable grounds.  28 U.S.C. § 1452.

The factors that a court should weigh when considering discretionary abstention and

remand are the same.  <u>Roddam v. Metro Loans, Inc. (In re Roddam)</u>, 193 B.R. 971 (Bankr. N.D.

Ala. 1996).  "Discretionary abstention under [section 1334(c)(1)] constitutes a legislative

rejection of the common law rule that a court with jurisdiction must exercise the jurisdiction

when requested to do so."  <u>Swift v. Bellucci (In re Bellucci)</u>, 119 B.R. 763, 771 n. 18 (Bankr.

E.D. Cal.1990)

In determining whether to invoke discretionary abstention, courts have weighed twelve

factors.  <u>Eastport Assoc. v. City of Los Angeles</u>, 935 F.2d 1071, 1075 (9th Cir. 1991) citing

<u>Christianson v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)</u> 912 F.2d 1162, 1167 (9th Cir.

1990).  <u>Also</u> <u>see</u>  <u>Fidelity National Title Insurance Company v. Franklin (In re Franklin)</u>, 179

B.R. 913, 928 (Bankr. E.D.Cal. 1995) and <u>Republic Reader's  Serv., Inc. v. Magazine Serv.

Bureau, Inc. (In re Republic Reader's Serv., Inc.)</u>, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987).

While all factors should be considered, the exercise is one of legal analysis, not accounting.  The "list serves to provide an intellectual matrix to guide the judge who considers abstention . . ." <u>Franklin</u>, 179 B.R. at page 928.

First, the court is to consider the impact on efficient administration of the bankruptcy estate.  In this case, the dispute has been joined for at least two years in the Circuit Court.  The Plaintiff has attached 272 pages of Exhibits to his notice of removal.  If this Court were to entertain the matter, the parties would be required to repeat many of the procedural steps necessary to complete the trial process.  This bankruptcy case will be more quickly and efficiently administered if the matter is concluded in the state court.

Nor is it relevant that the Defendant  has not yet filed an answer and the Plaintiff has obtained entry of default and has filed a motion for default judgment.  There is some probability that the Defendant will appear and seek to vacate either the entry of default or the default judgment if one is entered on docket.  Given the fact that the Defendant has spent two years litigating the matter in state court, the possibility of an appearance is not low.  If the motion is granted, then the litigation will begin anew.   If the Defendant has abandoned his defense, then the state court may enter default and default judgment as easily as this court.

Second, the court should consider the extent to which state or federal law predominates over bankruptcy issues. In this case, all causes of action are based on state law.  There are no bankruptcy issues involved in this dispute.  This factor weighs in favor of abstention.

Third, the difficulty or unsettled nature of the applicable law is not a factor.

The fourth factor, the presence of a related proceeding in state court or another bankruptcy court.  This matter was commenced in the Circuit Court and has been litigated there

5

for two years.  It would be highly inefficient to begin the process anew.  Remand to that Court is appropriate.  This factor weighs in favor of abstention.

The fifth factor is whether there is another basis for federal jurisdiction other than 28 U.S.C § 1334.  In this case there is none.  As such this factor counsels for abstention.

The sixth factor is the legal proximity of the instant case to the parent proceeding.  It is doubtful that the removed action will shape the procedural path of this bankruptcy case.  In any event, the expected outcome will be no different if the case is remanded to the Circuit Court.

The seventh factor, the substance, rather than the form, of an asserted core proceeding, also informs this court to abstain from hearing this proceeding.  This is not a factor in this case.

The eighth factor, the feasibility of separating state court matters from the matters to be determined in this court, is not a factor.

The ninth factor, the burden on the bankruptcy court's docket, is a factor in this case. While such a trial would be of equal burden on either the Bankruptcy Court or the Circuit Court, the latter is better suited to handle such a trial.  Circuit Courts primarily entertain trials, while Bankruptcy Courts primarily entertains motions.  Bankruptcy Courts rarely preside over jury trials.  Furthermore, all of the causes of actions involve non-bankruptcy state law, law with which the Circuit Court is more familiar.   Thus, one would expect the Circuit Court to handle the dispute more efficiently.

The tenth factor, the likelihood that removal of the matter was forum shopping, does not appear to be a factor.  The eleventh factor, the existence of a right of a jury trial, is not a significant factor in this case.

The twelfth factor, the presence in the proceeding of non-debtor parties, also counsels for

abstention.  In this case, the Corporate Defendant is not a debtor in bankruptcy.

In this case, the first, second, fourth, fifth, ninth, and twelfth factors counsel for

abstention, many of them strongly so.  None of the factors counsel the court to retain and hear

this adversary proceeding.

### *Conclusion*

It is appropriate for this court to abstain from hearing this dispute.  The matter shall be

remanded to the Circuit Court for the City of Danville.   The Plaintiff shall be granted relief from

the automatic stay for the limited purpose of prosecuting this action in that Court.  The Plaintiff

shall notify this court of any final resolution of the matter before the Circuit Court for the City of

Danville.  The Plaintiff may not take any action to collect any such judgment unless the stay is

modified whether by order of this court, by statute, or otherwise.

If the Plaintiff prevails, then it may return to this court and prosecute Adversary

Proceeding 06-06101 in this Court.

An appropriate order shall issue.

Upon entry of this memorandum the Clerk shall forward copies of this memorandum to

Darren W. Bentley, Esq., Michael W. Hawker, and Michael W. Hawker, Inc.

Entered on this  8th  day of December, 2006.

William E. Anderson
United States Bankruptcy Judge